FILED

2026 Mar-25  AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| MICHAEL WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-cv-00043-MHH-JHE |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

In this *pro se* prisoner action, pursuant to 42 U.S.C. § 1983, Mr. Walker asserts claims against Wexford Health Sources, Inc., Dr. Wilcotte Rahming, Dr. Manuel Pouparinas, Dr. Russell Alexander, and Dr. Felix Allen.  Mr. Walker alleges that the defendants violated his rights under the United States Constitution and Alabama law. (Doc. 13).[1]  The defendants have moved for summary judgment, and Mr. Walker did not respond.  (Docs. 34–45, 46–50, 51–68, 69, 77–84; *see* Doc. 86, p. 2).[2]  In his report concerning the defendants' motions, Chief Magistrate Judge England independently reviewed the record, considered specific facts that Mr. Walker

---

[1] The Court previously dismissed Mr. Walker's claims against the other defendants he named in his amended complaint.  (Docs. 17, 18).

[2] The defendants filed "special reports," and the magistrate judge construed the reports as motions for summary judgment.  (*See* Doc. 86, p. 2).

pleaded in his sworn complaint, and construed Mr. Walker's complaint liberally. (Doc. 86, p. 3) (first citing *Caldwell v. Warden*, 748 F.3d 1090, 1098 (11th Cir. 2014); then citing *Hughes v. Rowe*, 449 U.S. 5. 9 (1980)); *see also United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[S]ummary judgment, even when unopposed, can only be entered when 'appropriate.'" (brackets added)).

In his report, Chief Magistrate Judge England recommended that the Court grant the defendants' motions for summary judgment on Mr. Walker's Eighth Amendment medical claims because Mr. Walker did not establish that Drs. Rahming, Pouparina, and Allen provided inadequate medical care to him and because Mr. Walker did not demonstrate that Wexford had a custom or policy that caused a constitutional violation. (Doc. 86, pp. 49–51). The magistrate judge declined to exercise supplemental jurisdiction over Mr. Wexford's state-law medical malpractice claims under the AMLA. (Doc. 86, pp. 51–52). The magistrate judge advised the parties of their right to file specific written objections within 14 days. (Doc. 86). To date, the Court has not received objections.

Having considered the medical evidence in this case and in the absence of objections, the Court adopts the magistrate judge's report and accepts his

recommendation.[3]    By separate order, the Court will enter judgment for the defendants on Mr. Walker's Eighth Amendment claims.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise jurisdiction over Mr. Walker's state law ALMA claims and will dismiss those claims without prejudice.

As Chief Magistrate Judge England explained, the statute of limitations for Mr. Walker's AMLA claim has been tolled while the claim was pending in this case, and the tolling will continue for a period of 30 days after the Court enters the dismissal order in this case "unless state law provides for a longer tolling period." (Doc. 86, p. 52) (citing 28 U.S.C. § 1367(d); *Weinrib v. Duncan*, 962 So. 3d 167, 169–70 (Ala. 2007)).[4]

**DONE** and **ORDERED** this March 25, 2026.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[3] Mr. Walker's allegations regarding his inability to continue his prescription for Eliquis because the drug was too expensive are concerning, but Mr. Walker has not provided evidence from which a factfinder could infer that the substitution of Coumadin for Eliquis caused him to suffer an injury. (Doc. 13, pp. 8–9; Doc. 86, p. 5).

[4] The magistrate judge's report and recommendation did not trigger the 30-day period.  The 30-day period begins to run on the date of the dismissal order in this case.  *See* 28 U.S.C. § 1367(d).